UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| GERMAIN SKINNER #211176, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-112 |
| ) | |
| v. ) | HON. ROBERT HOLMES BELL |
| ) | |
| UNKNOWN REYNOLDS, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

      I.        Factual Allegations

Plaintiff Germain Skinner #211176, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit Officer Unknown Reynolds and Resident Unit Officer Kevin Lampla. Plaintiff alleges in his complaint that on July 8, 2004, Defendant Lampla made harassing homosexual remarks to Plaintiff, such as "I know you got a big — Skinner, I've seen you in the shower before, but that doesn't make you a man!" Plaintiff states that Defendant Lampla made similar comments on other occasions and that he threatened to grab Plaintiff's penis when he patted him down. Plaintiff, who is African American, told Defendant Lampla that he was not homosexual and asked Defendant Lampla to stop speaking to him in that manner. Plaintiff filed a grievance against Defendant Lampla and appealed the denial to step III.

On November 22, 2004, Defendant Reynolds stopped at Plaintiff's cell and began popping the window shutter latch, which made a loud noise. Plaintiff asked Defendant Reynolds not to do that because the noise caused flashbacks to when he was stabbed, but Defendant Reynolds continued. Defendant Reynolds later attempted to throw Plaintiff's mail in the toilet, and threatened to have Plaintiff placed on food loaf. Plaintiff contends that Defendant Reynolds' conduct was motivated by a desire to retaliate against Plaintiff for filing complaints and for having his mother call the warden. Plaintiff filed a grievance on Defendant Reynolds on November 24, 2004, which was denied at all three steps. Plaintiff seeks damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that Plaintiff's claims are barred by the statute of limitations. This court may, on its own motion, apply the statute of limitations to a § 1983 claim by a prisoner. *See Hardin v. Straub*, 490 U.S. 536, 109 S. Ct. 1998 (1989); *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995); *Redd v. Gilless*, 857 F. Supp. 601, 605 (W.D. Tenn. 1994). The Sixth Circuit has held that sua sponte dismissal is appropriate under § 1915(e)(2) when a complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face. *Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998); *Day v. E.I. Dupont de Nemours and Co.*, No. 97-6233, 1998 WL 669939, at *1 (6th Cir. Sept. 17, 1998). Federal courts apply state personal injury statutes of limitations to claims brought under §1983. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947 (1985); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180-181 (6th Cir. 1990). For civil rights suits filed in Michigan under §1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.)

(per curiam), *cert. denied*, 479 U.S. 923, 107 S. Ct. 330 (1986); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Although state tolling provisions must be applied to § 1983 suits brought by prisoners, *Hardin*, 490 U.S. at 544; *Jones v. City of Hamtrack*, 905 F.2d 908, 909 (6th Cir. 1990), *cert. denied*, 498 U.S. 903 (1990), Michigan's tolling provision for imprisoned persons does not provide plaintiff any additional benefit in this case. *See* MICH. COMP. LAWS § 600.5851(9).

Plaintiff claims that the allegedly illegal conduct occurred in on July and November of 2004. However, 42 U.S.C. § 1997e provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999). This language unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation. Prisoners are therefore prevented from bringing suit in federal court for the period of time required to exhaust "such administrative remedies as are available." For this reason, the statute of limitations which applied to Plaintiff's civil rights action was tolled for the period during which his available state remedies were being exhausted. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (*citing Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999) (per curiam); *Cooper v. Nielson*, 194 F.3d 1316, 1999 WL 719514 (9th Cir. 1999)).

Plaintiff alleges that he filed a step I grievance on Defendant Lampla on July 9, 2004, and that he appealed the denial of his grievance to step III. Plaintiff does not state whether he received a response to his step III appeal. However, regardless of whether Plaintiff received a response, he could have filed his Section 1983 action on the date which his step III grievance

response was to have been completed.[1]  Given the above facts, the latest date on which the statute of limitations began running as to Defendant Lampla was October 9, 2004.  Consequently, Plaintiff had three years from that date, or until October 9, 2007, to file a lawsuit on Defendant Lampla.  With regard to Defendant Reynolds, Plaintiff states that he filed a step I grievance on November 24, 2004, so that the grievance process must have been completed by February 24, 2005, at which time the statute of limitations would have began running.  Therefore, Plaintiff had three years from that date, or until February 24, 2008, to file his claim against Defendant Reynolds.  Plaintiff dated this complaint May 5, 2008, and it was received by the court on May 8, 2008.  Therefore, it is clear that Plaintiff's complaint is barred by the applicable statute of limitations.

In addition, Plaintiff claims that Reynolds acted in retaliation because Plaintiff had filed a grievances and had his mother call the warden.  The filing of grievances is constitutionally-protected conduct for which a prisoner cannot be retaliated against.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence.  *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v.*

---

[1] Policy requires that no more than ninety calendar days may elapse from the filing of the Step I grievance to the Step III response.  MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ V (effective November 1, 2000).  As noted above, Plaintiff's step I grievance was filed on July 2, 1999.  Therefore, the grievance process should have been resolved by October 2, 1999.

*DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "Merely alleging the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. April 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. March 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has alleged no facts to support his conclusion that Defendant Reynolds harassed him because plaintiff had filed a grievance against him. Accordingly, his speculative allegation fails to state a claim.

Moreover, claims of abusive language, or of general harassment, do not state an eighth amendment or substantive due process violation. *Ivey v. Wilson*, 832 F.2d 950 (6th Cir. 1987);; *Ishaaq v. Compton*, 900 F. Supp. 935, 944 (W.D. Tenn., 1995); *Meadows v. Gibson*, 855 F. Supp. 223, 225 (W.D. Tenn., 1994); *Banks v. Klapish*, 717 F. Supp. 520 (W.D. Mich. 1989); *Gilson v. Cox*, 711 F. Supp. 354 (E.D. Mich. 1989); *Rahman v. Stephenson*, 626 F. Supp. 886, 888 (W.D. Tenn. 1986). Even the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. *See*, *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir. 1985). However, the Sixth Circuit has recently suggested that a pattern of racial harassment involving racial slurs may violate the Equal Protection clause. *Knop v. Johnson*, 977 F.2d 996, 1013-14 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993). *Cf. Scott v. Davis*, No. 84-5870, 1985 WL 13447 (6th Cir., June 14, 1985) (unpublished, copy attached) (racial slurs do not give rise to Section 1983 liability).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: <u>December 2, 2008</u>     /s/ Robert Holmes Bell
                                                                        ROBERT HOLMES BELL
                                                                        UNITED STATES DISTRICT JUDGE